OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff cites no provision of the fire insurance policy to call upon Aetna to indemnify or defend him against suit or claim, including, of course, one in the nature of Rezey’s counterclaim. The liability policy, also issued to plaintiff by Aetna, is not at issue as plaintiff did not assert any rights under it in his complaint:
As to plaintiff’s theory that Aetna had no right to sue in his name, plaintiff, by his amended complaint, conceded that defendant “chose to commence this action in the name of the plaintiff insured as was its right under the terms of the policy” (emphasis added). The defendant therefore can *949 not be faulted because Rezey elected to interpose his counterclaim. In sum, Aetna, in bringing the suit in plaintiff’s name, did no more than was authorized.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.