■ George S. Kriegler et al., Respondents, v Aetna Casualty and Surety Company, Appellant, et al., Defendant. — Order, Supreme Court, New York County (Blyn, J.), entered December 29, 1983, which denied defendant Aetna Casualty and Surety Company's motion to dismiss the complaint, unanimously modified, on the law, without costs or disbursements, to grant the motion insofar as the complaint seeks relief with

respect to a certain comprehensive dishonesty, disappearance and destruction policy, No. 001 BY 10809 BCA; to declare that said defendant has no obligation under said policy to defend plaintiffs or pay the costs of their defense in the Federal court actions mentioned in the complaint, or to pay any judgments entered against them in said actions; and, except as thus modified, affirmed.

The comprehensive dishonesty, disappearance and destruction policy is clearly an indemnity policy, basically providing coverage against employee dishonesty, and the benefits of which run only to the Pressmen's Union and certain specified affiliates, none of whom is a plaintiff herein. It is not a liability policy. Nor does the policy obligate the insurer to provide a defense in connection with any legal proceeding brought against an insured. Thus, defendant Aetna Casualty was entitled to a dismissal of the complaint and declaration in its favor as to that particular policy. As to the pension and welfare fund fiduciary responsibility policy, which is a liability policy, we agree that dismissal of the complaint under either CPLR 3211 (a) (1) or (7) is inappropriate at this time since, at the very least, an issue of fact is presented concerning plaintiffs' status as employees of the Pressmen's Union and the Fund in the Federal litigation. Nor can we find, as a matter of law, that any of the exclusions apply. Concur — Sullivan, J. P., Carro, Asch and Fein, JJ.