■ M. FABRIKANT & SONS, INC., et al., Plaintiffs, v OVERTON & CO. CUSTOMS BROKERS, INC., et al., Defendants. STEWART ARMORED, LTD., Third-Party Plaintiff-Appellant, v EDWARD G. CARTER, Third-Party Defendant-Respondent. [618 NYS2d 294] —Order and judgment (one paper), Supreme Court, New York County (Carol Huff, J.), entered on or about June 2, 1993, which, *inter alia,* granted summary judgment declaring that third-party plaintiff Stewart Armored, Ltd's ("Stewart") claim under a policy of insurance was not covered, that third-party defendant ("Underwriters") was not obligated to defend and indemnify Stewart pursuant to the third-party complaint and that Underwriters was not obligated to pay any damages awarded to plaintiffs in the main action, including attorney's

fees incurred in defense of that action, unanimously affirmed, without costs.

Underwriters' submission of sworn testimony by Stewart's principal and employee established that Stewart's armored van was left unoccupied and unlocked during the course of its round of deliveries, thus breaching a warranty in its insurance policy that its vehicle would always be occupied by an armed guard locked inside whenever any insured property was left inside the vehicle during delivery operations. Stewart's submission of unsworn statements in opposition failed to satisfy its burden and, without tender of an acceptable excuse for the failure to submit evidentiary proof, Stewart did not raise material issues of fact sufficient to defeat Underwriters' motion *(GTF Mktg. v Colonial Aluminum Sales,* 66 NY2d 965, 968). We agree with the IAS Court that the breach materially increased the risk of loss within the meaning of Insurance Law § 3106 (b) and thus there is no coverage as a matter of law *(see, Royce Furs v Home Ins. Co.,* 30 AD2d 238). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.