■ FAIRMONT FUNDING LTD., Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [694 NYS2d 389] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered January 20, 1999, in an action by plaintiff Fairmont Funding Ltd. for a satisfaction of judgment in plaintiff's favor against an insured of defendant insurer, in favor of plaintiff against defendant in the sum of $398,382.67, and bringing up for review an order, same court and Justice, entered on or about December 24, 1998, which granted the motion by plaintiff for reargument of the parties' motion and cross motion for summary judgment and, upon reargument, granted plaintiff's motion for summary judgment, denied defendant's cross motion for summary judgment dismissing the complaint and directed entry of judgment, unanimously reversed, with costs, judgment vacated, plaintiff's motion for summary judgment denied, defendant insurer's cross motion for summary judgment granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint. Appeal from the order unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

Insurance Law § 3420 (d) is inapplicable to insurance claims not based on "death or bodily injury" (*Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d 62, 67). The underlying judgment which plaintiff seeks to require defendant insurer to satisfy is for economic injury allegedly arising from misfeasance, consisting of notarizing a forged power of attorney, by an employee of a company that was the named insured under an "errors and omissions" policy issued by defendant insurer. Clearly, plaintiff's claim is not related to any "death or bodily injury" within the scope of Insurance Law § 3420 (d) and it was error for the motion court to grant plaintiff summary judgment.

Under the common-law rule, delay in giving notice of disclaimer of coverage, even if unreasonable, will not estop the insurer to disclaim unless the insured has suffered prejudice

from the delay (*O'Dowd v American Sur. Co.*, 3 NY2d 347, 355; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d, *supra*, at 690; *Kamyr, Inc. v St. Paul Surplus Lines Ins. Co.*, 152 AD2d, *supra*, at 67). Here, defendant insurer unreasonably delayed in disclaiming coverage of the insured judgment-debtor. However, plaintiff makes no showing of any prejudice to the insured resulting from such delay. Concur—Nardelli, J. P., Williams, Tom and Lerner, JJ.