■ 730 J & J, LLC, Appellant, v Twin City Fire Insurance Company, Respondent. [740 NYS2d 119] —In an action, inter alia, to recover damages for breach of an insurance policy, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated December 18, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff obtained a property insurance policy from the defendant for a four-story building located on Flatbush Avenue in Brooklyn. In its application for the policy, the plaintiff indicated that some retail space on the first floor of the building was occupied, but the apartments on the second, third, and

fourth floors were vacant. Consequently, the policy issued by the defendants contained warranties requiring, among other things, that the vacant portion of the premises be kept locked and secured against unauthorized entry. The property was damaged by a fire which broke out on the third and fourth floors. After conducting an investigation, the defendant denied coverage for the loss on the ground that the plaintiff had breached the warranty requiring it to keep the premises locked and secured, specifically, that the building was open and accessible to unauthorized persons and was occupied by squatters. The plaintiff then commenced this action, inter alia, to recover the proceeds of the policy. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint.

Contrary to the plaintiff's contention, the affidavits and admissible portions of the New York City Fire Department and New York City Fire Marshal reports submitted by the defendant established that the plaintiff breached the warranty in the policy (see Insurance Law § 3106 [a], [b]). The evidence proffered by the defendant also demonstrated that the breach materially increased the risk of loss, damage, or injury within the coverage of the policy, thereby defeating the plaintiff's right to recovery (see Fabrikant & Sons v Overton & Co. Customs Brokers, 209 AD2d 206; Insurance Law § 3106 [b]). In opposition to the motion, the plaintiff failed to establish the existence of a triable issue of fact.

The plaintiff's remaining contention is without merit. Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.