■ PAULA SCAPPATURA, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [775 NYS2d 162]—

In an action for a judgment declaring that the defendant Allstate Insurance Company is obligated to provide coverage to the plaintiff for damage to real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), entered August 15, 2003, as denied its motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to provide coverage to the plaintiff for damage to the subject real property.

The plaintiff's property damage claim does not fall within the ambit of Insurance Law § 3420 (d). Thus, absent proof that the plaintiff was prejudiced by the defendant's alleged delay in disclaiming liability based on an exclusion in the insurance policy, the defendant is not estopped from making such a disclaimer (see O'Dowd v American Sur. Co. of N.Y., 3 NY2d 347 [1957]; Vecchiarelli v Continental Ins. Co., 277 AD2d 992 [2000]). In support of its motion for summary judgment, the defendant made a prima facie showing of entitlement to judgment as a matter of law. In response, the plaintiff failed to demonstrate the existence of a triable issue of fact. The defendant therefore was entitled to summary judgment in its favor, and to an appropriate declaration (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to provide coverage to the plaintiff for damage to the subject real property (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Ritter, J.P., H. Miller, Goldstein, and Mastro, JJ., concur.