■ Only Natural, Inc., Respondent, v Realm National Insurance Company et al., Appellants. [827 NYS2d 880]—In an action, inter alia, for a judgment declaring that the plaintiff is entitled to be reimbursed by the defendants for its attorney's fees and costs in an underlying action entitled *Body Systems Technology v Tree of Life*, commenced in the United States District Court for the Middle District of Florida under docket No. 6:01-CV 1166-021-19 KRS, the defendants separately appeal from an order of the Supreme Court, Nassau County (Skelos, J.), dated April 23, 2004, which granted the plaintiff's motion for summary judgment declaring that it was entitled to be reimbursed by the defendants for its attorney's fees and costs in the underlying action, and referred the matter for a hearing on the amount due the plaintiff as reimbursement for its attorney's fees and costs in the underlying action.

In an action, inter alia, for a judgment declaring that the plaintiff is entitled to be reimbursed by the defendants for its attorney's fees and costs in an underlying action entitled *Body Systems Technology v Tree of Life*, commenced in the United States District Court for the Middle District of Florida under docket No. 6:01-CV 1166-021-19 KRS, the defendants separately appeal from a judgment of the Supreme Court, Nassau County (Lally, J.), entered September 23, 2004, which, upon an order of the same court (Skelos, J.), dated April 23, 2004, granting the plaintiff's motion for summary judgment declaring that it was entitled to be reimbursed by the defendants for its attorney's fees and costs in the underlying action, and after a hearing, is in favor of the plaintiff and against them in the principal sum of $104,370.74.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment is denied, upon searching the record, summary judgment is awarded to the defendants, it is declared that the plaintiff is not entitled to be reimbursed for its attorney's fees and costs in the underlying action entitled *Body Systems Technology v Tree of Life*, commenced in the United States District Court for the Middle District of Florida under docket No. 6:01-CV1166-021-19 KRS, and the order dated April 23, 2004 is modified accordingly.

In 2001 the plaintiff obtained an insurance policy covering, inter alia, advertising injury liability, from each of the defendants. The policy issued by the defendant Realm National Insurance Company (hereinafter Realm) was in effect from April 1, 2001 through April 1, 2002. The policy the plaintiff obtained from the defendant Scottsdale Insurance Company (hereinafter Scottsdale) was in effect from September 24, 2001 through September 24, 2002. Both policies contained certain exclusions, providing, among other things, that there would be no coverage for advertising injury liability if the injury arose "out of oral or written publication of material whose first publication took place before the beginning of the policy period." Each policy also contained certain notice provisions requiring the plaintiff

to notify Realm and Scottsdale as soon as was practicable of an occurrence or offense which might result in a claim. The plaintiff was also required to immediately send Realm and Scottsdale any legal papers it received in connection with a lawsuit.

On October 15, 2001 the plaintiff was served with the summons and complaint in the underlying action entitled *Body Systems Technology v Tree of Life* (hereinafter the underlying action). On November 27, 2001 an order was entered in the underlying action granting the motion of Body Systems Technology for leave to enter a default judgment against the plaintiff. The underlying action was subsequently settled without any monetary compensation being paid by the plaintiff.

The plaintiff notified its insurance broker of the underlying action on or about December 21, 2001. Realm received its first notice of this claim, apparently by way of the plaintiff's insurance broker, on January 2, 2002. In response, Realm sent a letter dated January 3, 2002 stating that it appeared that the plaintiff had failed to give it timely notice of the occurrence and that the occurrence might not be covered under the policy. By letter dated February 6, 2002 Realm disclaimed coverage solely on the ground that the plaintiff failed to give it timely notice of the underlying action.

The plaintiff notified Scottsdale of the underlying action by a telephone call on January 8, 2002. By letter dated February 15, 2002 Scottsdale disclaimed coverage on the ground that this was not an occurrence within its policy's definition of "advertising injury" coverage provided by the policy. Further, assuming this claim came within the definition of advertising injury, Scottsdale also disclaimed coverage on the ground that the policy excludes an advertising injury where "first publication took place before the beginning of the policy period." By letter dated January 17, 2003 Scottsdale reiterated its disclaimer of coverage based upon the grounds set forth in its letter of February 15, 2002. It also asserted additional grounds for disclaiming including, inter alia, that the plaintiff "breached the written notice . . . provisions in the Scottsdale insurance contract."

Thereafter, the plaintiff commenced the instant action and moved for summary judgment declaring that it was entitled to be reimbursed by the defendants for its attorney's fees and costs in the underlying action. Realm and Scottsdale opposed, contending, inter alia, that they had properly disclaimed coverage based upon the plaintiff's late notice of the occurrence to them. By order dated April 23, 2004 the Supreme Court granted the plaintiff's motion for summary judgment declaring that it

was entitled to be reimbursed by the defendants for its attorney's fees and costs in the underlying action. The Supreme Court found, among other things, that the disclaimers were ineffective as a matter of law, as they were late and there was no explanation for the delays in disclaiming, and referred the matter for a hearing on the amount due the plaintiff as reimbursement for its attorney's fee and costs in the underlying action. After the hearing, a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $104,370.74. We reverse.

This matter does not involve a claim for death or bodily injury (*see* Insurance Law § 3420 [d]). Therefore, contrary to the Supreme Court's determination, the unexplained failure of Realm and Scottsdale to promptly disclaim on the ground of untimely notification does not automatically estop them from relying upon such a disclaimer. Rather, reliance upon the untimely disclaimers here would only be estopped upon a showing of prejudice to the insured due to the delay. That is, that "the defendant's alleged delay in disclaiming liability based on an exclusion in the insurance policy" (*Scappatura v Allstate Ins. Co.*, 6 AD3d 692 [2004]) "prejudiced the rights of the insured" (*O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355 [1957]). Since the record reveals no such prejudice nor is any such prejudice alleged by the plaintiff, the disclaimers were effective and the Supreme Court should not have found them to be meritless and should not have granted the plaintiff's motion for summary judgment.

Furthermore, upon searching the record (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]), we find that Realm and Scottsdale were entitled to summary judgment in their favor. It is undisputed that the plaintiff delayed more than two months before first notifying either Realm or Scottsdale that it had been served with papers in the underlying action. Such a lengthy unexplained delay relieved Realm and Scottsdale of their duty to defend it (*see e.g. Safer v Government Empls. Ins. Co.*, 254 AD2d 344, 344-345 [1998]; *Matter of Government Empls. Ins. Co. v Elman*, 40 AD2d 994 [1972]). Since the record reveals no explanation for the delay, nor did the plaintiff offer one in its papers, Realm and Scottsdale were entitled to rely on their disclaimers and be relieved of any duty towards the plaintiff in connection with the underlying action (*see Scappatura v Allstate Ins. Co., supra; see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In light of this determination, we need not reach the parties' remaining contentions. Krausman, J.P., Florio, Fisher and Covello, JJ., concur.