■ CARRIE TOPLIFFE, Plaintiff, v US ART Co., INC., et al., Defendants and Third-Party Plaintiffs-Respondents. CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON, Third-Party Defendant-Appellant. [838 NYS2d 571]—

In an action, inter alia, to recover damages for conversion, in which the defendants and third-party plaintiffs US Art Co., Inc., and US Art International, LTD., commenced a third-party action for a judgment declaring that the third-party defendant, Certain Underwriters at Lloyd's of London, had a duty to defend and indemnify them in the main action, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Grays, J.), dated October 27, 2005, as denied its motion which was, in effect, for summary judgment declaring that it was not obligated to defend and indemnify in the main action and granted those branches of the cross motion of the defendants and third-party plaintiffs which were for summary judgment declaring that it was so obligated, for summary judgment striking its fifth affirmative defense based upon the "mysterious disappearance" insurance policy exclusion, and for attorney's fees incurred in defending against the main action.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the third-party defendant's motion which was, in effect, for summary judgment declaring that it was not obligated to defend in the main action and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provisions thereof granting those branches of the defendants and third-party plaintiffs' cross motion which were for summary judgment declaring that the third-party defendant was obligated to defend and indemnify them in the main action, for summary judgment striking the third-party defendant's fifth affirmative defense based upon the "mysterious disappearance" insurance policy exclusion, and for attorney's fees incurred in defending against the main action to this date, and substituting therefor provisions denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The instant matter concerns the loss of 85 works of art produced by the poet and artist Kenneth Rexroth. The artwork was the property of the Kenneth Rexroth Trust (hereinafter the Trust). The defendants and third-party plaintiffs, US Art Co., Inc., and US Art International, LTD. (hereinafter collectively US Art), accepted possession of the artwork and warehoused it in Queens. In May 2002 representatives of the Trust requested to view the artwork. The artwork, however, could not be found. US Art employees opined that during a period where the warehouse underwent extensive renovations, the artwork was inadvertently placed in an area where construction refuse was gathered and discarded. Approximately 2½ months after US

Art notified its insurer, the third-party defendant, Certain Underwriters at Lloyd's of London (hereinafter Underwriters), of the loss, Underwriters notified US Art that it would be disclaiming coverage based on the "mysterious disappearance" exclusion in the insurance policy it issued to US Art. US Art alleges that the notice of disclaimer was untimely. Underwriters moved for summary judgment, and US Art cross-moved, inter alia, for summary judgment declaring that Underwriters must defend and indemnify it in this action for conversion of 85 of the works of art.

Insurance Law § 3420 (d) requires an insurer to "give written notice as soon as is reasonably possible of [a] disclaimer of liability." Contrary to US Art's contention and the Supreme Court's adoption of it, Insurance Law § 3420 (d) is inapplicable to this case since the underlying claim does not involve death or bodily injury (*see Legum v Allstate Ins. Co.*, 33 AD3d 670 [2006]; *Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [2000]; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689, 690 [1994]). Instead, common-law principles govern, under which the insurer's delay in giving notice of disclaimer of coverage, even if unreasonable, will not estop the insurer from disclaiming unless the insured has suffered prejudice from the delay (*see O'Dowd v American Sur. Co. of N.Y.*, 3 NY2d 347, 355 [1957]; *Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, supra at 690; *Legum v Allstate Ins. Co.*, supra; *Vecchiarelli v Continental Ins. Co.*, supra; *Fairmont Funding v Utica Mut. Ins. Co.*, 264 AD2d 581, 581-582 [1999]).

Assuming that the 2½-month delay in issuing the disclaimer was unreasonable, we conclude that US Art failed to make the requisite prima facie showing of prejudice. US Art can only speculate that a favorable settlement in the main action could have been secured if Underwriters immediately assumed the defense of the action. Consequently, pursuant to the common law, Underwriters is not estopped from disclaiming based on the "mysterious disappearance" policy exclusion (*see Simplexdiam, Inc. v Brockbank*, 283 AD2d 34 [2001]; *Legum v Allstate Ins. Co.*, supra; *Scappatura v Allstate Ins. Co.*, 6 AD3d 692 [2004]). However, on its motion for summary judgment dismissing the third-party complaint, Underwriters failed to establish as a matter of law that coverage should be barred based on the "mysterious disappearance" exclusion. The explanation for the loss proffered by the US Art employees, if believed by the trier of fact, could reasonably support an inference that the artwork was accidentally thrown away, which would take the loss out of the "mysterious disappearance" exclusion (*see S. Bellara*

*Diamond Corp. v First Specialty Ins. Corp.*, 287 AD2d 368, 369 [2001]; *Gurfein Bros. v Hanover Ins. Co.*, 248 AD2d 227, 229-230 [1998]). Accordingly, Underwriters failed to carry its prima facie burden on its motion for summary judgment by establishing that the alleged loss is one for which US Art can furnish no explanation whatsoever (*see S. Bellara Diamond Corp. v First Specialty Ins. Corp.*, 287 AD2d at 369, *supra*; *Van Dutch Prods. Corp. v Zurich Ins. Co.*, 67 AD2d 844, 845-846 [1979]). Thus, a triable issue of fact remains as to the applicability of the exclusion.

In the event that it is determined that the "mysterious disappearance" exclusion does not apply, Underwriters will only have the duty to indemnify US Art for its losses. Pursuant to the language of the policy, Underwriters had the option to defend, not the duty to defend, the main action (*see M.H. Lipiner & Son, Inc. v Hanover Ins. Co.*, 869 F2d 685, 686-687 [1989]; *Diversified Mtge. Invs. v U.S. Life Ins. Co. of New York*, 544 F2d 571, 575 [1976]; *B & D Appraisals v Gaudette Mach. Movers, Inc.*, 752 F Supp 554, 556 [1990]; *Henderson v Aetna Cas. & Sur. Co.*, 55 NY2d 947 [1982]; *Kriegler v Aetna Cas. & Sur. Co.*, 108 AD2d 708, 709 [1985]; *Chrapa v Johncox*, 60 AD2d 55, 60-61 [1977]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.