■ GEISCO, LLC, Respondent, v GREATER NEW YORK MUTUAL INSURANCE COMPANY et al., Defendants, and STANLEY LANE, INC., Defendant and Third-Party Plaintiff-Respondent. J.J. FARBER LOTTMAN, Third-Party Defendant-Appellant. [844 NYS2d 44]—

In an action, inter alia, for a judgment declaring that the defendant Greater New York Mutual Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Edwards v Geisco, LLC,* pending in the Supreme Court, Westchester County, under index No. 137/04, or alternatively, to recover damages for negligence, the defendant and third-party defendant J.J. Farber Lottman appeals from an order of the Supreme Court, Westchester County (Colabella, J.), entered December 13, 2006, which denied its motion for summary judgment dismissing the amended complaint insofar as asserted against it and dismissing the third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

The defendant Greater New York Mutual Insurance Company (hereinafter GNY), the insurance carrier for the plaintiff Geisco, LLC (hereinafter Geisco), disclaimed any obligation to defend or indemnify Geisco in an underlying personal injury action entitled *Edwards v Geisco, LLC,* pending in the Supreme Court, Westchester County, under index No. 137/04, on the ground that Geisco failed to notify it of the claim as soon as practicable. Geisco commenced the instant action for a judgment declaring that GNY was obligated to defend and indemnify it in the underlying action or alternatively, to recover damages for negligence from its insurance broker Stanley Lane, Inc. (herein-

after Lane), on the ground that Lane first received notice of the claim from Geisco in March 2003 and failed to notify GNY. Lane commenced a third-party action against J.J. Farber Lottman (hereinafter Farber), a producer on the GNY policy of insurance, alleging that on March 26, 2003, Lane forwarded notice of the claim to Farber, and Farber failed to forward the claim to GNY at that juncture. Thereafter, Geisco amended its complaint to add Farber as a party defendant.

Farber moved for summary judgment dismissing the amended complaint insofar as it is asserted against it and the third-party complaint, claiming that it did not receive the notice of claim which Lane allegedly forwarded to it on March 26, 2003. The Supreme Court denied Farber's motion. We affirm.

The evidence in the record indicates that Lane mailed the notice of claim to Farber at "120 Pallisades Ave. Pallisades, NJ 07650," while its correct mailing address was "120 West Palisades Blvd. Palisades Park NJ 07650." In light of this discrepancy, the presumption of receipt did not apply (*see New York & Presbyt. Hosp. v Allstate Ins. Co.*, 29 AD3d 547 [2006]). However, the postal code was correct and there is no evidence in the record that the notice was returned to the sender. Under the circumstances of this case, summary judgment was properly denied. Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.