[897 NE2d 1054, 868 NYS2d 573]

SORBARA CONSTRUCTION CORPORATION, Appellant, v AIU INSURANCE COMPANY, Respondent, et al., Defendants.

Argued September 3, 2008; decided October 21, 2008

## APPEARANCES OF COUNSEL

*Herzfeld & Rubin, P.C.,* New York City (*David B. Hamm* and *Miriam Skolnik* of counsel), for appellant.

*Hodgson Russ LLP,* Buffalo (*Kevin D. Szczepanski* and *Patrick M. Tomovic* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

It is well settled that when a policy of liability insurance requires that notice of an occurrence be given "as soon as practicable," such notice must be provided within a reasonable period of time; failure to give such notice relieves the insurer of its obligations under the contract, regardless of whether the insurer was prejudiced by the delay (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.,* 5 NY3d 742, 743 [2005]; *Argo Corp. v Greater N.Y. Mut. Ins. Co.,* 4 NY3d 332, 339 [2005]).

Contrary to the insured's contention in this case, notice provided under the workers' compensation policy at the time of the incident did not constitute notice under the liability policy even though both policies were written by the same carrier (*see generally Nationwide Ins. Co. v Empire Ins. Group,* 294 AD2d 546, 548 [2d Dept 2002]; *57th St. Mgt. Corp. v Zurich Ins. Co.,* 208 AD2d 801, 802 [2d Dept 1994]). Each policy imposes upon the insured a separate, contractual duty to provide notice. Similarly, an additional insured's notice to the carrier under a different policy does not excuse the insured's obligation to provide timely notice under its policy (*see Travelers Ins. Co. v Volmar Constr. Co.,* 300 AD2d 40 [1st Dept 2002]).

Here, the insured did not give notice to the insurer until it was sued in a third-party action—some 5½ years after the accident. Under the circumstances of this case, such notice was unreasonable as a matter of law and relieved the insurer of its obligation to defend or indemnify the insured.

The insured's remaining contention is without merit.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.