OPINION OF THE COURT
Charles J. Markey, J.
The plaintiff commenced this action to recover money damages for water damage sustained in her retail store at 95-09 Jamaica Avenue, Woodhaven, New York as a result of a fire that occurred in the second floor residential unit above the store.
On or about August 3, 2009, the defendant U.S. Underwriters provided businessowners liability coverage and businessowners property coverage to the plaintiff, under policy number xxxxxxxxx. Pursuant to the policy, the defendant U.S. Underwriters agreed to insure the plaintiffs store for a one-year term beginning on August 3, 2009 and expiring on August 3, 2010. The policy included a protective safeguard endorsement. The protective safeguard endorsement states:
“We will not pay for loss or damage caused by or resulting from fire, if, prior to the fire, you:
*420 “1. Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
“2. Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.”
On September 18, 2009, a fire started in the second floor residential apartment above the plaintiff insured’s space, a retail store. As a result of the fire the plaintiff sustained damage to the insured premises due to water from extinguishing the fire in the residential unit. At the request of U.S. Underwriters, Independent Adjustment Company inspected the plaintiffs property and found no smoke detectors in the first floor store area and the basement area. In a letter dated October 12, 2009, the defendant U.S. Underwriters denied coverage for the claim based on the plaintiffs failure to comply with the protective safeguard endorsement.
In a letter dated October 21, 2009, the plaintiff responded, stating that the loss sustained was a result of water damage and was not a result of the fire itself and, therefore, that the failure to have a smoke detector was immaterial, as a matter of law, and could not be used as a basis for denial of coverage. In a letter dated October 26, 2009, the defendant U.S. Underwriters followed up stating that it stood by its denial based on the language of the policy.
The plaintiff commenced this action on November 17, 2009. Issue was joined by the moving defendant on January 22, 2010. The plaintiff has now moved for summary judgment and the defendant U.S. Underwriters has cross-moved for summary judgment.
On a summary judgment motion, the movant has to offer sufficient evidence to establish entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). The plaintiff concedes that she did not have a functioning and operational smoke/heat detector. However, the plaintiff argues that this was a breach of warranty that did not materially affect the risk of loss and, therefore, is not grounds for the denial of coverage.
The defendant U.S. Underwriter argues, upon the foregoing papers, that the protective safeguard provision was not a warranty, but, rather, an express condition of the contract. The defendant’s argument that the protective safeguard provision is an express condition, rather than a warranty within the meaning of Insurance Law § 3106, is without merit.
*421 Insurance Law § 3106 (a) defines warranty as:
“any provision of an insurance contract which has the effect of requiring, as a condition precedent of the taking effect of such contract or as a condition precedent of the insurer’s liability thereunder, the existence of a fact which tends to diminish, or the non-existence of a fact which tends to increase, the risk of the occurrence of any loss, damage, or injury within the coverage of the contract.”
The protective safeguard provision is a warranty as defined by Insurance Law § 3106 (a). Similar safety provisions have been found by the First and Second Departments to be warranties under Insurance Law § 3106 (see Anjay Corp. v Those Certain Underwriters at Lloyd’s of London Subscribing to Certificate No. HN01AAF4393, 33 AD3d 323 [1st Dept 2006] [requiring video cameras at a jewelry store held to be a warranty within the meaning of Insurance Law § 3106]; 730 J & J v Twin City Fire Ins. Co., 293 AD2d 519 [2d Dept 2002] [requiring the premises to be locked and secured held a warranty under Insurance Law § 3106]; M. Fabrikant & Sons v Overton & Co. Customs Brokers, 209 AD2d 206 [1st Dept 1994] [requiring an armored vehicle to be occupied with an armed guard locked inside whenever insured property was in the vehicle during a delivery was a warranty under Insurance Law § 3106]).
A protective safeguard provision requiring the installation of a fire alarm system has, furthermore, been found to be warranty under Insurance Law § 3106 (a). In Mirabelli v Merchants Ins. Co. of N.H. (2007 NY Slip Op 31615[U], *4 [Sup Ct, Suffolk County 2007]), the court stated:
“Here, defendant adequately demonstrated through its submissions that there was no central station fire alarm or an automatic fire alarm reporting to a public or private fire alarm station at the subject premises on the date of the fire. Through said submissions, defendant established that plaintiffs breached the Automatic Fire Alarm Protective Safeguards warranty in the subject policy.”
Insurance Law § 3106 (b) provides that a “breach of warranty shall not avoid an insurance contract or defeat recovery thereunder unless such breach materially increases the risk of loss, damage or injury within the coverage of the contract.” Only if the lack of a smoke detector was material can it thus be used as a basis for denial of coverage. (See Great Lakes Reins. [UK], *422 PLC v Rosin, 757 F Supp 2d 1244, 2010 WL 5397246, 2010 US Dist LEXIS 141697 [SD Fla 2010] [applying New York law].)
The plaintiff submitted an affidavit in which she stated that the fire was contained to the residential unit above the store. She further stated that there was no damage to the store from smoke and the only damage occurred as a result of water that was used to extinguish the fire in the unit above the store. The plaintiff further submitted a certified copy of the fire incident report indicating that the fire originated in the second floor apartment and was confined to that apartment. The plaintiff established that, inasmuch as no fire or smoke entered into the store, the lack of a smoke detector was not material. In opposition, the defendant failed to raise a triable issue of fact. The defendant, therefore, cannot deny coverage based on a violation of the protective safeguard provision as a result of a lack of a smoke detector.
The defendant, however, alleged in its answer and in a counterclaim that the plaintiff made a material misrepresentation on the application for insurance that she had working smoke detectors in the insured premises and, therefore, it can rescind the policy based on the misrepresentation. The plaintiff argues that the defendant U.S. Underwriters, by failing to include the claim of misrepresentation in its denial letter, waived its right to assert the claim of misrepresentation and therefore cannot deny coverage or rescind the policy on this ground.
Since this is a case for property damage rather than personal injury, this case does not fall within the ambit of Insurance Law § 3420 (d). The plaintiff, therefore, has to show proof of prejudice from the delay in order for the defendant to be estopped from disclaiming coverage or rescinding the policy based on the misrepresentation (Topliffe v US Art Co., Inc., 40 AD3d 967 [2d Dept 2007]; Only Natural, Inc. v Realm Natl. Ins. Co., 37 AD3d 436 [2d Dept 2007]; Scappatura v Allstate Ins. Co., 6 AD3d 692 [2d Dept 2004]). Inasmuch as the plaintiff did not submit any proof of prejudice, the plaintiff is not entitled to summary judgment.
Turning to the defendant’s cross motion, in light of the discussion above, the defendant cannot deny coverage based on a violation of the protective safeguard provision as a result of a lack of a smoke detector and thus is not entitled to summary judgment on this ground.
The defendant U.S. Underwriters did establish its prima facie entitlement to summary judgment on the ground that the *423 plaintiff made a material misrepresentation on her application for insurance by stating that she had operational smoke detectors in the premises. In opposition to the cross motion, the plaintiff submitted the affidavit of the manager of the store. The manager stated, in his affidavit, that at the time of the application for insurance there was an operable smoke detector affixed to the ceiling. A triable issue of fact, therefore, exists as to whether the plaintiff had operable smoke detectors at the time the application for insurance was filled out and the cross motion for summary judgment must be denied.
Accordingly, the plaintiffs motion for summary judgment is denied. The cross motion by the defendant U.S. Underwriters for summary judgment is denied.