The defendant, Allstate Insurance Company (hereinafter Allstate), issued a homeowners insurance policy to the plaintiff insuring his home in Forest Hills. According to the plaintiff, on or about January 22, 2009, he discovered extensive water damage to the home resulting from a burst pipe in the second floor *673 bathroom which caused the dining room ceiling to collapse, drywall in most of the house to be ruined, and water to cascade to the first floor and into the finished basement, which had two to three feet of standing water. Within a day, the plaintiff notified Allstate of the occurrence. Approximately two weeks later, on February 6, 2009, a claims adjuster for Allstate inspected the premises. By letter dated March 26, 2009, Allstate disclaimed coverage on the ground that the plaintiff had failed to comply with a policy condition requiring him to show the damaged property to Allstate. However, Allstate also sent a letter dated April 13, 2009, stating that its investigation of the claim was still continuing.
The plaintiff commenced this action, inter alia, to recover damages for breach of an insurance contract. Thereafter, the plaintiff moved for summary judgment on the complaint, and Allstate cross-moved for summary judgment dismissing the complaint. The Supreme Court, finding triable issues of fact, denied the motion and the cross motion. Allstate appeals from so much of the order as denied its cross motion.
In a section entitled “Conditions,” the subject homeowners policy provides, in part:
“3. What You Must Do After a Loss “In the event of a loss to any property that may be covered by this policy, you must: . . .
“f) as often as we reasonably require:
“1) show us the damaged property.”
In support of its cross motion for summary judgment dismissing the complaint, Allstate contended that it properly disclaimed coverage on March 26, 2009, due to the plaintiffs failure to comply with this condition in the policy. Allstate submitted, among other things, the affidavit of its claims adjuster, who averred that, upon receipt of the claim a day after the alleged loss, he instructed the plaintiff to mitigate his loss but told him not to make “actual repairs” until he could inspect the damage. He further averred that, when he visited the home two weeks later, on February 6, 2009, significant repairs had been made to the home which made it impossible for him to tell whether a loss had occurred and what had caused the alleged loss. In addition, Allstate submitted an affidavit of another representative stating that the letter dated April 13, 2009, which indicated that Allstate’s investigation was continuing, actually referred to a “contents claim” which remained open, whereas the claim for damage to premises was disclaimed in the March letter. With *674 this evidence Allstate established its prima facie entitlement to judgment as a matter of law demonstrating that it properly disclaimed coverage due to the plaintiffs failure to comply with the subject policy condition.
However, in opposition, the plaintiff submitted evidence, inter alia, that his home was rendered uninhabitable by the occurrence and required immediate repair, he took 145 photographs of the damage and preserved the broken pipe for Allstate’s inspection, and he allowed access to the premises on February 6, which was a date chosen by Allstate as the first date its claims adjuster was available. With this evidence, the plaintiff raised a triable issue of fact as to whether he complied with the subject policy condition (cf. Christine’s Shoes Corp. v 251 Main St. Corp., 267 AD2d 415 [1999] [whether tenant allowed the landlord reasonable access to the leasehold estate was a question to be resolved by the trier of fact]). In addition, the plaintiff submitted evidence that the letter from Allstate dated April 13, 2009, which indicated that the investigation was still continuing, failed to specify that it related to a different claim, and that the plaintiff spent more than $92,000 repairing his home. With this evidence, the plaintiff raised a triable issue of fact as to whether Allstate should be estopped from disclaiming coverage due to an unreasonable delay in disclaiming coverage which caused the plaintiff prejudice (cf. Topliffe v US Art Co., Inc., 40 AD3d 967, 969 [2007]; Legum v Allstate Ins. Co., 33 AD3d 670 [2006]; Scappatura v Allstate Ins. Co., 6 AD3d 692 [2004]). Accordingly, the Supreme Court properly denied Allstate’s cross motion. Angiolillo, J.P., Austin, Sgroi and Miller, JJ., concur.