Order, Supreme Court, New York County (Donna M. Mills, J.), entered August 2, 2011, which, inter alia, denied the parties’ motions for summary judgment, unanimously affirmed, without costs.
In determining whether fire was the direct cause of damage to plaintiffs building, and thus whether the loss is covered, the insurer is liable for every loss which necessarily follows from the fire or arises by necessity from incidents and surrounding circumstances (see Throgs Neck Bagels v GA Ins. Co. of N.Y., 241 AD2d 66, 70 [1st Dept 1998]).
Here, however, based upon the conflicting affidavits of the parties’ experts, the motion court properly found issues of fact as to whether the insured’s loss necessarily followed from the fire two doors and 20 or so feet away, causing the collapse of 109 East Broadway, the demolition of the adjacent building 107 East Broadway, and the purported structural weakening of 105 East Broadway.
For the reasons noted above, issues of fact also preclude a finding as a matter of law that the insurer’s exclusion for enforcement of an “ordinance or law” was not applicable to plaintiffs fire loss claim (see Throgs Neck Bagels, 241 AD2d at 67).
Flaintiff’s property damage claim does not fall within the ambit of Insurance Law § 3420 (d) (see Scappatura v Allstate Ins. Co., 6 AD3d 692 [2d Dept 2004]).
We have considered all other contentions and find them to be without merit. Concur — Friedman, J.E, Moskowitz, DeGrasse, Richter and Gische, JJ.