OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The issue in this appeal is whether the insureds gave timely
 
 *750
 
 notice to their carrier of the slip-and-fall accident that eventually led to a liability judgment against them. Since notice was not actually given until 171 days after the occurrence, plaintiffs had the burden of showing that there was a reasonable excuse for the delay
 
 (see, Security Mut. Ins. Co. v Acker-Fitzsimons,
 
 31 NY2d 436). Here, the excuse plaintiffs offered was the insureds’ "good-faith belief’ that the injured party would not seek to hold them liable
 
 (see, e.g., D’Aloia v Travelers Ins. Co.,
 
 85 NY2d 825;
 
 Merchants Mut. Ins. Co. v Hoffman,
 
 56 NY2d 799;
 
 see also, Security Mut. Ins. Co. v Acker-Fitzsimons, supra,
 
 at 441;
 
 875 Forest Ave. Corp. v Aetna Cas. & Sur. Co.,
 
 30 NY2d 726). The existence of such a "good-faith belief’, as well as the question of whether the belief was reasonable, are ordinarily questions of fact for the fact finder
 
 (see, e.g., Mighty Midgets v Centennial Ins. Co.,
 
 47 NY2d 12, 21;
 
 Winstead v Uniondale Union Free School Dist.,
 
 170 AD2d 500).
 

 In this case, the issue was initially presented to the courts below in the context of cross motions for summary judgment. However, the Supreme Court ultimately considered and determined the question after a testimonial hearing held pursuant to CPLR 3212 (c). While that statute was designed primarily to permit early resolution of preliminary or secondary factual issues, it was used in this case to resolve the only substantive issue in the case: whether there was a cognizable excuse for the insureds’ delay in providing the insurer with notice. Thus, as the dissenters at the Appellate Division observed, the proceeding before the Supreme Court was effectively converted from one involving summary judgment to one involving a plenary bench trial resulting in a judgment rendered after a full fact finding.
 

 Since the Supreme Court’s factual conclusions were wholly adopted by the Appellate Division majority,
 
 *
 
 the only question before us is whether the affirmed finding by the courts below is supported by the record. While there is room for disagreement on the inferences to be drawn from the facts, it cannot be said as a matter of law that the lower courts erred in finding that the insureds acted promptly and reasonably under the circumstances. Although the accident was serious
 
 *751
 
 enough to occasion emergency room treatment, there was no evidence that the insureds knew or had reason to believe that permanent ongoing injury had occurred. Moreover, the insureds’ postaccident inquiry into the injured’s condition did not reveal the existence of the kind of harm that would naturally lead to a lawsuit. Finally, the close familial relationship between the insureds and the accident victim was of such a nature as to support a finding that the insureds reasonably believed that they would have been apprised if the injured party had been contemplating a lawsuit. Thus, under the peculiar circumstances of this case, there was an adequate factual foundation for the affirmed finding of reasonableness by the courts below.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.
 

 *
 

 The Appellate Division dissenters characterized the majority’s opinion as holding "as a matter of law, that Victor Argentina’s * * * nonbelief in his potential liability was reasonable.” (207 AD2d 816, 818.) However, the statement is inaccurate. There is no language in the majority Appellate Division writing that would indicate that its holding was based on a legal rather than factual assessment of the case.