■ SORBARA CONSTRUCTION CORPORATION, Appellant, v AIU INSURANCE COMPANY, Respondent, et al., Defendants. [838 NYS2d 531]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered January 18, 2007, which denied plaintiff's motion

for summary judgment and granted defendant insurer's cross motion for summary judgment to the extent of absolving it of any obligation to defend or indemnify plaintiff in the underlying personal injury action, affirmed, with costs.

Where a liability insurance policy requires notice of an occurrence to the carrier as soon as practicable, such notice must be given within a reasonable period of time, and the insured's noncompliance in this respect constitutes failure of a condition precedent (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]), thus vitiating the contract as a matter of law, without a showing of prejudice (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]).

Plaintiff became aware of its employee's accident and his ensuing lawsuit almost immediately, but did not notify defendant excess insurer for some 5½ years, until after the defendants in the underlying matter had instituted a third-party action against it. "[W]here a reasonable person could envision liability, that person has a duty to make some inquiry" (*White v City of New York*, 81 NY2d 955, 958 [1993]). Although a good-faith belief in nonliability may excuse the failure to give timely notice (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]), there is no indication plaintiff ever took any action to ascertain the possibility of its own liability for the accident prior to the commencement of the third-party action. Accordingly, there is no basis for a good-faith belief in its nonliability. Moreover, plaintiff's own duty to provide notice to the excess insurer is not negated by the insurer's actual knowledge acquired from another source (*Ocean Partners, LLC v North Riv. Ins. Co.*, 25 AD3d 514, 515 [2006]; *Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40 [2002]). Notice under a workers' compensation policy does not constitute notice under a liability insurance policy (*see Nationwide Ins. Co. v Empire Ins. Group*, 294 AD2d 546, 548 [2002]). Plaintiff's protracted delay in giving defendant insurer the requisite contractual notice relieved the insurer of its obligation to defend or indemnify plaintiff. Concur—Marlow, J.P., Williams, Gonzalez and McGuire, JJ.

Catterson, J., concurs in a separate memorandum as follows: I concur in the result but write separately because while I believe that *Great Canal Realty Corp. v Seneca Ins. Co., Inc.* (5 NY3d 742 [2005]), the decision by which we are constrained today, was wrongly decided, I nonetheless agree with the majority that in this case, it would not have made a difference even had the Court affirmed our decision in *Great Canal*. In that case, the time lapse between occurrence and plaintiff's notifica-

tion to insurer was just four months whereas here plaintiff did not notify defendant insurer for 5¹/₂ years, thus prejudice can be assumed as a matter of law.