■ McGOVERN-BARBASH ASSOCIATES, LLC, et al., Respondents, v EVEREST NATIONAL INSURANCE COMPANY, Appellant, et al., Defendants. [914 NYS2d 218]—

In an action, inter alia, for a judgment declaring that the defendant Everest National Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Wehrheim v McGovern-Barbash Assoc., LLC*, pending in the Supreme Court, Suffolk County, under index No. 35912/07, the defendant Everest National Insurance Company appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 4, 2010, which denied that branch of its motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against it and, in effect, denied that branch of its motion which was, in effect, for summary judgment declaring that it is not obligated to defend or indemnify the plaintiffs in the underlying action.

Ordered that the order is modified, on the law, by deleting the

provision thereof, in effect, denying that branch of the motion of the defendant Everest National Insurance Company which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant Everest National Insurance Company is not obligated to defend or indemnify the plaintiffs in an underlying action entitled *Wehrheim v McGovern-Barbash Assoc., LLC*, pending in the Supreme Court, Suffolk County, under index No. 35912/07.

On August 22, 2007, nonparty John Wehrheim allegedly was injured while working at a construction project on premises owned by the plaintiffs. On November 17, 2007, Wehrheim commenced an underlying action to recover damages for personal injuries entitled *Wehrheim v McGovern-Barbash Assoc., LLC*, in the Supreme Court, Suffolk County, under index No. 35912/07 (hereinafter the underlying action). At the time of the accident, the plaintiffs were insured by the defendant Everest National Insurance Company (hereinafter the appellant) under a commercial general liability insurance policy which, inter alia, required notice of any "occurrence" that might result in a claim "as soon as practicable." However, the plaintiffs did not notify the appellant of the accident until December 10, 2007, almost four months after the "occurrence," and one month after receiving service of process. Following an investigation, the appellant disclaimed coverage upon the ground of late notice. The plaintiffs then commenced the instant action, among other things, for a judgment declaring that the appellant is obligated to defend or indemnify them in the underlying personal injury action. The Supreme Court denied that branch of the appellant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) insofar as asserted against it, and, in effect, denied that branch of its motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action. We modify.

Where an insurance policy requires that notice of an occurrence be given "as soon as practicable," notice must be "given within a reasonable [period of] time under all the circumstances" (*Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]; *Zeldin v Interboro Mut. Indem. Ins. Co.*, 44 AD3d 652, 652-653 [2007]; *Morris Park*

*Contr. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 33 AD3d 763 [2006]). An insured's failure to satisfy the notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 440; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]; *Eagle Ins. Co. v Zuckerman*, 301 AD2d 493 [2003]). The insurer need not establish that it was prejudiced by the late notice, except in certain situations not applicable here (*see Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d at 332; *Blue Ridge Ins. Co. v Biegelman*, 36 AD3d 736, 737 [2007]).

Here, the appellant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs had knowledge of the accident within days, but failed to notify it of the occurrence until almost four months thereafter (*see White v City of New York*, 81 NY2d 955, 957 [1993]; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655, 656 [2005]). Under the law as it existed at the time the subject insurance policy was issued, the plaintiffs had the burden of raising a triable issue of fact as to the existence of a reasonable excuse for the delay in opposition to the appellant's prima facie showing (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]), but they failed to do so.

While the reasonableness of an insured's good faith belief in nonliability is a matter ordinarily left for a trial (*id.*; *see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129 [1957]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]), it may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith (*see Tower Ins. Co. of N.Y. v Lin Hsin Long Co.*, 50 AD3d 305, 307 [2008]; *Sorbara Constr. Corp. v AIU Ins. Co.*, 41 AD3d 245, 246 [2007]; *Genova v Regal Mar. Indus.*, 309 AD2d 733 [2003]; *Eagle Ins. Co. v Zuckerman*, 301 AD2d 493, 495 [2003]; *Travelers Ins. Co. v Volmar Constr. Co.*, 300 AD2d 40, 43 [2002]). Here, the evidence established, as a matter of law, that the plaintiffs' representative learned of the accident "several days after it occurred." It is undisputed that, despite having this knowledge, the plaintiffs failed to provide notice of the "occurrence" to the appellant as required by the policy at that time.

Nor did the plaintiffs provide notice after a letter dated September 11, 2007, from the injured person's counsel warning them of the claim and specifically advising them to "refer this

letter to your insurance carrier immediately for further attention." Rather, it was not until December 10, 2007, one month after the November 2007 filing of the underlying action against the plaintiffs, and approximately four months after the occurrence, that the plaintiffs finally notified the appellant of the accident.

Therefore, at the very least, the plaintiffs "should have realized that there was a reasonable possibility of the subject policy's involvement" as early as August 2007, and the proffered excuse was unreasonable as a matter of law (*C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]; *see Hanson v Turner Constr. Co.*, 70 AD3d 641, 643 [2010]; *Sorbara Constr. Corp. v AIU Ins. Co.*, 41 AD3d at 246; *Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co.*, 1 AD3d 584 [2003]). Since the plaintiffs failed to offer a valid excuse for their delay in providing notice of the occurrence to the appellant, the Supreme Court should have granted that branch of the appellant's motion which was, in effect, for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d at 129-130).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Everest National Insurance Company is not obligated to defend or indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Hanson v Turner Constr. Co.*, 70 AD3d at 643). Skelos, J.P., Balkin, Chambers and Austin, JJ., concur.