■ Erwin Zimmerman, Respondent-Appellant, v Peerless Insurance Company, Appellant-Respondent. [926 NYS2d 124]—

■■■■■■■■■■■■■■■■

In an action for a judgment declaring that the defendant, Peerless Insurance Company, is obligated to defend and indemnify the plaintiff, Erwin Zimmerman, in an underlying action entitled *Angst v Zimmerman,* pending in the Supreme Court, Suffolk County, under index No. 12184/07, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Rebolini, J.), dated April 28, 2010, as denied its motion for summary judgment declaring that it is not obligated to defend or indemnify Erwin Zimmerman in the underlying action, and Erwin Zimmerman cross-appeals, as limited by his brief, from so much of the same order as denied his cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, the defendant's motion for summary judgment declaring that it is not obligated to defend or indemnify Erwin Zimmerman in the underlying action is granted, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the defendant, Peerless Insurance Company, is not obligated to defend and indemnify Erwin Zimmerman in the underlying action entitled *Angst v Zimmerman,* pending in the Supreme Court, Suffolk County, under index No. 12184/07; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On October 31, 2006, while jogging in Eaton's Neck, Arthur Angst allegedly was bitten by Erwin Zimmerman's dog, which was not on a leash. Angst and Zimmerman had a brief verbal confrontation, during which Zimmerman saw blood on Angst's hand. He offered to pay Angst's medical expenses, but Angst declined, and the two men did not exchange contact information. Zimmerman was aware of an incident several years before, in which his dog had "nipped" a neighbor. Within 48 hours of the incident involving Zimmerman's dog and Angst, the Suffolk County Department of Health requested the dog's vaccination records and informed Zimmerman that the dog would be restricted to Zimmerman's property.

On May 8, 2007, Zimmerman was served with the summons and complaint in the underlying personal injury action. The next day, for the first time, he notified his insurer, Peerless Insurance Company (hereinafter Peerless), of the incident. Zimmerman's insurance policy (hereinafter the policy) required that "in case of an . . . 'occurrence,' the 'insured' will perform the following duties that apply. . . Give written notice to us or

our agent as soon as is practical, which sets forth: (1) The identity of the policy and 'insured'; (2) Reasonably available information on the time, place and circumstances of the . . . 'occurrence'; and (3) Names and addresses of any claimants or witnesses" The policy defined an "occurrence" as "an accident . . . which results, during the policy period, in: . . . 'Bodily injury' . . . , and "Bodily injury" was defined, in relevant part, as "bodily harm."

By letter dated May 11, 2007, Peerless disclaimed coverage on the ground that Zimmerman had not complied with the notice provisions of the policy. Zimmerman commenced this action seeking a judgment declaring that Peerless was required to defend and indemnify him in the underlying action. Following discovery, Peerless moved, and Zimmerman cross-moved, for summary judgment. The Supreme Court denied the motion and cross motion, and both parties appeal.

"Where an insurance policy requires that notice of an occurrence be given 'as soon as practicable,' notice must be given within a reasonable time in view of all of the circumstances" (*Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 597 [2010]; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co.*, 84 AD3d 717 [2011]; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d 1110, 1111 [2010]; *Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]; *cf. 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719, 721 [2007]). With respect to policies issued before January 17, 2009 (*see* Insurance Law § 3420 [c] [2] [A]), as Zimmerman's was, an insurer could disclaim coverage without regard to prejudice when the insured failed to satisfy the notice condition (*Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *cf.* Insurance Law § 3420 [a] [5]; *Waldron v New York Cent. Mut. Fire Ins. Co.*, 84 AD3d 1480 [2011]). The insured's failure is seen as " 'a failure to comply with a condition precedent which, as a matter of law, vitiates the contract' " (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Argo Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d 689 [2009]). Nevertheless, even with respect to claims involving policies in which the insurer was not required to demonstrate prejudice before disclaiming, the insured is permitted to demonstrate the existence of circumstances that would "excuse or explain the insured's delay in giving notice, such as a reasonable belief in nonliability"

(*Genova v Regal Mar. Indus.*, 309 AD2d at 734; *see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743-744; *Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co.*, 84 AD3d 717 [2011]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597). The burden of demonstrating the reasonableness of the excuse lies with the insured (*see Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1112; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Genova v Regal Mar. Indus.*, 309 AD2d at 734).

Generally, the existence of a good faith belief that the injured party would not seek to hold the insured liable and the reasonableness of such belief are questions of fact, but summary judgment may be awarded to the insurer if, construing all inferences in favor of the insured, the evidence establishes as a matter of law that the insured's belief in nonliability was unreasonable or in bad faith (*see Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co.*, 84 AD3d 717 [2011]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Bigman Bros., Inc. v QBE Ins. Corp.*, 73 AD3d at 1111).

Here, Peerless established its prima facie entitlement to judgment as a matter of law that Zimmerman's failure to notify Peerless for six months was not based on a reasonable or good faith belief in nonliability by demonstrating that Zimmerman knew immediately that his dog allegedly bit Angst and that Angst may have been injured by the bite. Indeed, Zimmerman knew within 48 hours that a complaint had been made about the incident, even if he did not know Angst's identity. In addition, Zimmerman knew of at least one substantiated incident involving his dog prior to the incident with Angst (*see Steinberg v Hermitage Ins. Co.*, 26 AD3d 426, 427 [2006]; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d 304, 305 [2003]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Corp.*, 40 AD3d at 721; *cf. Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co.*, 84 AD3d 717 [2011]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d at 689). Consequently, the burden shifted to Zimmerman to raise a triable issue of fact as to whether there existed a reasonable excuse for his delay in notifying Peerless (*see Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597; *Sputnik Rest. Corp. v United Natl. Ins. Co.*, 62 AD3d at 689). Even construing all inferences in favor of Zimmerman, he failed to raise a triable issue of fact (*see Hanson v Turner Constr. Co.*,

70 AD3d 641, 643 [2010]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Corp.*, 40 AD3d at 721; *Steinberg v Hermitage Ins. Inc.*, 26 AD3d at 427; *C.C.R. Realty of Dutchess v New York Cent. Mut. Fire Ins. Co.*, 1 AD3d at 305). We reject Zimmerman's argument that the policy was ambiguous as to whether he was obligated to give notice of the occurrence before learning of the possible claimant's identity (*see Magistro v Buttered Bagel, Inc.*, 79 AD3d 822 [2010]). Accordingly, the Supreme Court erred in denying Peerless' motion for summary judgment declaring that it is not obligated to defend or indemnify Zimmerman in the underlying action. In light of this determination, the Supreme Court properly denied Zimmerman's cross motion for summary judgment.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that Peerless is not obligated to defend and indemnify Zimmerman in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.