■ COLUMBIA UNIVERSITY PRESS, INC., Respondent, v TRAVELERS INDEMNITY COMPANY OF AMERICA, Appellant. [931 NYS2d 706]—

Where, as here, a policy of liability insurance requires that notice of an occurrence be given "as soon as practicable," such notice must be given to the carrier within a reasonable period of time (*see Sorbara Constr. Corp. v AIU Ins. Co.*, 11 NY3d 805, 806 [2008]; *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742, 743 [2005]; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 441 [1972]). With respect to policies issued before January 17, 2009 (*see* Insurance Law § 3420 [c] [2] [A]), as the subject policy was, an insurer could disclaim coverage when the insured failed to satisfy the notice condition, without regard to whether the insurer was prejudiced by the insured's failure to satisfy such condition (*see Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021, 1023 [2011]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 596-597 [2010]). The insured's failure to satisfy the notice requirement constitutes "a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (*Argo*

*Corp. v Greater N.Y. Mut. Ins. Co.*, 4 NY3d 332, 339 [2005]; *see Sorbara Constr. Corp. v AIU Ins. Co.*, 11 NY3d at 806; *Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d 436, 440 [1972]). However, "there may be circumstances that excuse a failure to give timely notice, such as where the insured has 'a good-faith belief of nonliability,' provided that belief is reasonable" (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743, quoting *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 441; *see White v City of New York*, 81 NY2d 955, 957 [1993]; *Zimmerman v Peerless Ins. Co.*, 85 AD3d at 1023-1024; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d at 597). The insured bears the burden of establishing the reasonableness of such excuse (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d at 743; *White v City of New York*, 81 NY2d at 957; *Security Mut. Ins. Co. of N.Y. v Acker-Fitzsimons Corp.*, 31 NY2d at 440), which is ordinarily an issue of fact and not one of law (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]; *Deso v London & Lancashire Indem. Co. of Am.*, 3 NY2d 127, 129 [1957]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d 1030, 1031 [2007]).

Here, the defendant made a prima facie showing of entitlement to judgment as a matter of law based on the plaintiff's approximately eight-month delay in notifying the defendant of the underlying incident (*see Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5 NY3d 742 [2005]; *Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d at 750; *Zimmerman v Peerless Ins. Co.*, 85 AD3d 1021 [2011]; *McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010]; *Evangelos Car Wash, Inc. v Utica First Ins. Co.*, 45 AD3d 727 [2007]; *120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co.*, 40 AD3d 719 [2007]). However, in opposition, the plaintiff raised a triable issue of fact as to whether the delay was reasonably based on a good-faith belief of nonliability (*see 25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781 [2011]; *North Country Ins. Co. v Jandreau*, 50 AD3d 1429 [2008]; *St. James Mech., Inc. v Royal & Sunalliance*, 44 AD3d at 1031-1032; *Jordan Constr. Prods. Corp. v Travelers Indem. Co. of Am.*, 14 AD3d 655 [2005]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822 [1995]; *Triantafillou v Colonial Coop. Ins. Co.*, 178 AD2d 925, 926 [1991]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment declaring that it was not obligated to defend or indemnify the plaintiff in the underlying action. Angiolillo, J.P., Florio, Leventhal and Cohen, JJ., concur.