OPINION OF THE COURT
Gina M. Lopez-Summa, J.
Third-party claimant, the State of New York, has brought this motion pursuant to CPLR 3001 seeking an order granting a declaratory judgment which would require third-party defendant, Arch Insurance (Arch), to defend and indemnify the State in the underlying action. Arch has initiated a cross motion pursuant to CPLR 3212 seeking an order granting it summary judgment and dismissing the third-party claim.
The underlying action in this matter concerns the claim of claimant, Nicholas Kaess, wherein he asserts that on July 1, 2009, at approximately 12:45 a.m., he was operating a motorcycle northbound on Route 347, approximately 250 feet south of Alexander Avenue, Town of Brookhaven, County of Suffolk, State of New York. Claimant was injured when the motorcycle he was operating on Route 347 collided with a motor vehicle which was owned by Kamac Trucking Corp. (Kamac) and operated by a private individual. At the time of the accident, the Kamac vehicle was allegedly entering Route 347 from a construction yard site located on the side of the roadway. Claimant alleges that the State was negligent in the construction, maintenance and design of the construction yard and in failing to post appropriate warnings for both the trucks that would be entering and exiting the construction yard and for motorists on Route 347. Claimant also provides a 30-line catchall sentence in which he lists a number of allegations against defendant.
Claimant served a notice of intention upon defendant on August 11, 2009 in which he raised similar allegations to those that he later included in the claim. The claim was filed on July 16, 2010. Claimant attached photographs of the location and a police report to the notice of intention.
The State asserts that the Kamac Trucking Corp. is a subsidiary of ALAC Contracting Corp. (ALAC). ALAC was working *678 under a construction contract it had entered into with the New York State Department of Transportation. After receiving the underlying notice of intention a state investigator was assigned to the file in the Suffolk regional office of the Attorney General’s Office on September 22, 2009. The State investigated and concluded that ALAC had purchased an insurance policy from Arch which required Arch to defend and indemnify the State for any claims arising under the policy.
In a letter dated November 6, 2009, the State allegedly notified Arch that a notice of intention had been served on the State. The letter requested that Arch confirm its defense and indemnification of the State pursuant to the insurance policy. Arch concedes receiving the November 6, 2009 letter with a copy of claimant’s notice of intention on November 10, 2009. In a letter dated December 10, 2009, Arch disclaimed coverage under the policy, claiming that the State had failed to comply with a condition precedent to coverage. Specifically, Arch claimed that under section IV subsection (4) of the insurance policy the State was required to notify Arch of an “occurrence” and/or “suit” “as soon as practicable.” Arch claimed that the State was not entitled to coverage under the insurance policy due to the State’s failure to comply with the “as soon as practicable” condition precedent to the policy.
In response, the State served Arch with a notice of impleader on March 14, 2011 and a third-party claim on April 18, 2011. In its answer dated May 16, 2011, Arch restated its reasons for disclaiming in its affirmative defenses.
Defendant argues that ALAC was contractually obligated to purchase and maintain insurance policies naming the State as an insured. Arch concedes that it issued a special protective and highway liability insurance policy to ALAC under which the State was an insured. The policy period ran from April 11, 2008 through April 11, 2011. The policy was in effect on the date of claimant’s underlying accident and covers the project in question. The State argues that since the acts complained of in the underlying claim occurred during the course and within the scope of the policy the State is entitled to defense and indemnification from Arch in the underlying action.
Further, the State avers that it did not delay in notifying Arch of a “suit” and.that the State notified Arch of the “occurrence” “as soon as practicable.”
Arch contends that the State, as an insured under the policy, had the duty to notify Arch as soon as practicable of an occur *679 rence that may result in a claim or a “suit.” Arch continues that the notice of intention constitutes, at the very least, an occurrence as defined by the policy and the State was required to submit the notice of intention to Arch as soon as practicable. The policy defines the term “occurrence” as “an accident including continuous or repeated exposure to substantially the same general harmful conditions.” The policy defines the term “suit” as “a civil proceeding in which damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies are alleged.” “Suit” includes “[a]n arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with [the insurer’s] consent” or “[a]ny other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with [the insurer’s] consent.”
Section IV of the policy sets out “conditions” to the policy. Subsection (4) of section IV states as follows:
“a. [The named insured] must see to it that [the insurer] [is] notified as a soon as practicable of an ‘occurrence’ which may result in a claim. To the extent possible, notice should include:
“(1) How, when and where the ‘occurrence’ took place;
“(2) The names and addresses of any injured persons and witnesses; and
“(3) The nature and location of any injury or damage arising out of the ‘occurrence’.
“b. If a claim is made or ‘suit’ is brought against any insured, [the named insured] must:
“(1) Immediately record the specifics of the claim or
‘suit’ and the date received; and
“(2) Notify [the insurer] as soon as practicable.
“c. [The named insured] and any other insured must:
“(1) Immediately send [the insurer] copies of any demands, notices, summonses or legal papers received in connection with the claim or ‘suit’;
“(2) Authorize [the insurer] to obtain records and other information;
“(3) Cooperate with [the insurer] in the investigation or settlement of the claim or defense against the ‘suit’; and
“(4) Assist [the insurer], upon [its] request, in the *680 enforcement of any right against any person or organization, which may be liable to the insured because of injury or damage to which this insurance may also apply.
“d. No insured will, except at that insured’s own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [the insurer’s] consent.
“e. Notice given by or on the behalf of the insured, or written notice by or on the behalf of the injured person or any other claimant, to any agent of [the insurer] in New York State, with particulars sufficient to identify the insured, shall be considered to be notice to [the insurer].”
In its December 10, 2009 denial letter Arch stated that since the State was aware of the claim since August 11, 2009 and did not notify Arch of the suit until November 10, 2009, Arch was denying coverage to the State. Arch viewed the delay in notification as a material breach of the policy conditions which precluded coverage for the State. Arch’s fourth affirmative defense in its answer to the third-party claim restates this defense to the third-party claim.
Arch’s cross motion for summary judgment is based on ground that the State failed to give notice of an “occurrence,” the notice of intention, as required by the policy “as soon as practicable” because it waited 91 days. Arch also contends that the notice of intention constitutes a “claim” and that the State’s failure to report the claim to Arch “as soon as practicable” is a breach of the conditions of the policy.
Where an insurance liability policy requires that notice of an occurrence be given to the insurer “as soon as practicable,” such notice must be given to the carrier within a reasonable period of time (Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am., 89 AD3d 667 [2d Dept 2011]). Since the policy in this matter was issued prior to January 17, 2009, the insurer can disclaim coverage based on the insured’s failure to satisfy the notice requirement without regard to a showing of prejudice (id.; see also Insurance Law § 3420 [c] [2] [A]). “[An] insured’s failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract” (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005] [internal quotation marks omitted]). There may be circumstances where an insured’s delay *681 in providing notice may be excusable, such as a reasonable belief in non-liability, but it is the insured’s burden to establish the reasonableness of such an excuse (id.).
In the present matter, the court finds that the notice of intention does not fall within the policy definition of a “suit” or claim. A notice of intention to file a claim is not filed with the Clerk of the Court nor does it initiate a lawsuit in the Court of Claims (see Court of Claims Act §§ 10, 11). It is a mechanism designed to primarily put the State on notice of a possible lawsuit and to extend the time within which a claimant may file a claim without seeking permission of the court (see Court of Claims Act § 10).
However, while the notice of intention does not fall under the policy definition of a “suit” or claim, the court finds that the notice of intention put the State on notice of an “occurrence” as defined in the policy.
Arch has established, prima facie, its entitlement to judgment as a matter of law by demonstrating that the State failed to provide Arch with notice, as soon as practicable, of an occurrence or claim being made against it, as required by the policy until 91 days after being served with claimant’s notice of intention (McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981 [2d Dept 2010]; Evangelos Car Wash, Inc. v Utica First Ins. Co., 45 AD3d 727 [2d Dept 2007]).
The State has failed to establish a reasonable excuse for its late notice to Arch of the subject occurrence (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742 [2005]). The State’s papers are bereft of any attempt to put forth facts that would establish a reasonable good faith belief on its part of non-liability prior to notifying Arch of the occurrence. Thus, the court finds that Arch is entitled to summary judgment in its favor in this matter.
Therefore, for the foregoing reasons, third-party claimant’s motion is denied. Additionally, third-party defendant’s cross motion seeking summary judgment is granted and the third-party claim is hereby dismissed.