■ OCEAN GARDENS NURSING FACILITY, INC., Doing Business as HORIZON CARE CENTER, Appellant, v TRAVELERS COMPANIES, INC., Respondent. [936 NYS2d 323]—

The plaintiff, Ocean Gardens Nursing Facility, Inc., doing business as Horizon Care Center (hereinafter Horizon), commenced this action for a judgment declaring that the defendant, Travelers Companies, Inc. (hereinafter Travelers), was obligated to indemnify it in an underlying personal injury action alleging that Horizon's employee caused damages in an automobile accident. The Supreme Court granted Travelers' motion for summary judgment on the ground that Horizon's employee, the defendant in the underlying action, was not driving a covered automobile at the time of the accident, and declared, inter alia, that Travelers had no duty to indemnify Horizon.

"While the duty to defend is measured against the possibility of a recovery, the duty to pay is determined by the actual basis for the insured's liability to a third person" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 178 [1997] [internal quotation marks omitted]; *see Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419, 424 [1985]). Here, Horizon seeks only a declaration that Travelers is required to indemnify it. We note that Horizon does not seek to enforce a contractual duty to defend. Since Horizon's liability to the plaintiff in the underlying action has yet to be determined, it was premature for the Supreme Court to pass on the question of whether such loss would be covered by the policy (*see Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d at 178; *Garcia v Utica First Ins. Co.*, 7 AD3d 665, 666 [2004]).

Additionally, we disagree with Travelers' contention that the order and judgment should be affirmed on the alternative ground that Horizon failed to give notice of the accident "as soon as reasonably possible," as required by the policy. "While the reasonableness of an insured's good faith belief in nonliability is a matter ordinarily left for a trial, it may be determined as a matter of law where the evidence, construing all inferences in favor of the insured, establishes that the belief was unreasonable or in bad faith" (*McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d 981, 983 [2010] [citations omitted]; *see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]). Under the law as it existed at the time that this insurance policy was issued, which was prior to the 2008 amendments to Insurance Law § 3420 (c) (2) (A) (*see* L 2008, ch 388, § 4), the insured bears the burden of raising an issue of fact as to the existence of a reasonable excuse for the delay in giving notice in opposition to the insurer's prima facie showing (*see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co.*, 79 AD3d at 983; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596, 596-597 [2010]). "[C]ircumstances may exist that will excuse or

explain the insured's delay in giving notice, such as a reasonable belief in nonliability, but the insured has the burden of demonstrating the reasonableness of the excuse" (*Genova v Regal Mar. Indus.*, 309 AD2d 733, 734 [2003]). Here, in opposition to Travelers' prima facie showing that notice, given approximately 15 months after the accident, was not "as soon as reasonably possible," Horizon raised an issue of fact as to whether its good faith belief in nonliability constitutes a reasonable excuse for the delay (*see 25th Ave., LLC v Delos Ins. Co.*, 84 AD3d 781 [2011]). The evidence submitted by Horizon supports its reasonable belief that it bore no liability for the accident involving its employee and the plaintiff in the underlying action. According to deposition testimony, at the time of the accident, Horizon's employee was driving in his own personal vehicle and was not engaged in any matters which were related to his employment with Horizon. Moreover, Horizon was not named as a defendant in the underlying action and was not contacted regarding the case until more than a year after the accident occurred, when it was subpoenaed to produce records for inspection by the underlying plaintiff. Shortly after being subpoenaed, Horizon gave notice to Travelers, which was before Horizon was even summoned and named as a defendant in the amended complaint in the underlying action. Under these circumstances, there is an issue of fact as to whether Horizon's notice to Travelers was given as soon as reasonably possible (*id.*).

The plaintiff's remaining contention is without merit. Florio, J.P., Belen, Roman and Sgroi, JJ., concur.