In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled Bernard v AH Property, LLC, commenced in the Supreme Court, Kangs County, under index No. 6356/2009, the defendant appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated August 19, 2011, which denied its motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action and, in effect, directed the entry of a judgment declaring that it is obligated to defend and indemnify the plaintiff in the underlying action.
*1244 Ordered that the order is reversed, on the law, with costs, the defendant’s motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiff in the underlying action.
“Where an insurance policy requires that notice of an occurrence be given ‘as soon as practicable,’ notice must be given within a reasonable time in view of all of the circumstances” (Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596, 597 [2010]; see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am., 89 AD3d 667 [2011]). “[T]he absence of timely notice of an occurrence is a failure to comply with a condition precedent which, as a matter of law, vitiates the contract” (Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]; see Sorbara Constr. Corp. v AIU Ins. Co., 11 NY3d 805, 806 [2008]).
Here, in support of its motion for summary judgment, the defendant insurer, New Hampshire Insurance Company (hereinafter NHIC), established, prima facie, that its insured, the plaintiff, AH Property, LLC (hereinafter AH Property), did not comply with the condition in the policy requiring the insured to give it notice of an occurrence “as soon as practicable.” AH Property did not notify NHIC until November 20, 2009, of an action commenced against it on March 17, 2009, to recover damages for personal injuries. Process was served upon AH Property through the Secretary of State on March 24, 2009, and the action arose from an alleged accident which took place on October 17, 2008, in a building owned by AH Property. Accordingly, NHIC properly disclaimed coverage on the ground of untimely notice (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 381 [2008]; SP & S Assoc., LLC v Insurance Co. of Greater N.Y., 80 AD3d 529 [2011]). In opposition, AH Property failed to raise a triable issue of fact as to whether its delay was excusable. AH Property alleged that the delay resulted from the failure of its former attorney, who had listed his name and office address as the address to which the Secretary of State shall forward copies of any process against it, to notify the Secretary of State of his new office address, and his failure to inform AH Property of the need to update its corporate address with the Secretary of State (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d at 381). “It was unquestionably practicable for [AH Property] to keep its address current with the Secretary of State, and thus to assure that it would receive, and be able to give, timely notice of the *1245 lawsuit” (id.; see Limited Liability Company Law § 211-A [a]; § 301 [c], [e]).
Further, because the subject policy was issued in 2007, the amendment to Insurance Law § 3420, which became effective for policies issued on or after January 17, 2009, and which allows an insurer to disclaim coverage only upon a showing of prejudice to it, is not applicable. Thus, the common-law rule that an insurer may disclaim coverage for untimely notice, even without prejudice, applies (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d at 382; Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am., 89 AD3d 667 [2011]; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d at 596-597). Accordingly, the Supreme Court should have granted NHIC’s motion for summary judgment declaring that it is not obligated to defend and indemnify AH Property in the underlying action.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that NHIC is not obligated to defend and indemnify AH Property in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.P., Balkin, Belen and Chambers, JJ., concur.