*794 On July 18, 2007, the infant plaintiff allegedly was injured while operating an all-terrain vehicle (hereinafter ATV) owned by the defendants/third-party plaintiffs, Frank Rio and Lori Rio (hereinafter together the Rios). The infant plaintiff was a guest of the Rios’ teenage son at the Rios’ vacation home, located in Galway, New York. At the time of the incident, the Rios’ vacation home was insured under a policy issued by the third-party defendant, Encompass Insurance Company of America (hereinafter Encompass).
In June 2010, the Rios were served with copies of a summons and verified complaint in an action commenced by the infant plaintiff and his mother. The complaint alleged that the infant plaintiff was injured on the Rios’ premises while operating their ATy and that the Rios were negligent, inter alia, with respect to the maintenance of their property.
On July 23, 2010, Encompass received a copy of the summons and complaint from the Rios. By letter dated August 5, 2010, Encompass disclaimed coverage for the plaintiffs’ action on the ground that the Rios failed to notify Encompass of the occurrence within a reasonable time, and that the occurrence fell within certain exclusions of the policy.
The Rios commenced a third-party action against Encompass for indemnification, seeking to recover damages for breach of contract and negligence. After answering the third-party complaint, Encompass moved for summary judgment dismissing the third-party complaint or, in the alternative, for severance of the third-party action from the main action.
The Supreme Court denied Encompass’s motion in its entirety, with leave to renew upon completion of disclosure. Encompass appeals.
The policy that Encompass issued to thé Rios recited that Encompass did not have a duty to provide coverage under the policy unless the insured notified it of the occurrence “as soon as practical.” Accordingly, notice is a condition precedent to the receipt of benefits under the subject policy (see Sorbara Constr. Corp. v AIU Ins. Co., 11 NY3d 805, 806 [2008]; Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005]; Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339 [2005]; Courduffs Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co., 84 AD3d 717 [2011]; McGovernBarbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 982-983 [2010]). Since the subject policy was issued before January *795 17, 2009, which was the effective date of an amendment to the Insurance Law requiring an insurer to establish prejudice in order to effectively disclaim coverage based on late notice of an occurrence, Encompass does not have to establish that it was prejudiced by the failure of the Rios to comply with the notice provision in order to disclaim coverage (see Insurance Law § 3420 [c] [2] [A]; Zimmerman v Peerless Ins. Co., 85 AD3d 1021, 1023 [2011]; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d 596, 596-597 [2010]).
“The insured’s failure to satisfy the notice requirement constitutes ‘a failure to comply with a condition precedent which, as a matter of law, vitiates the contract’ ” (Columbia Univ. Press, Inc. v Travelers Indem. Co. of Am., 89 AD3d 667, 667 [2011], quoting Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d at 339; see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d at 983; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d at 597). Failure or delay in giving notice may be excused if the insured lacked knowledge that the accident had occurred or had a good faith and reasonable belief of his or her nonliability (see Ocean Gardens Nursing Facility, Inc. v Travelers Cos., Inc., 91 AD3d 734, 736 [2012]; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d at 597). The insured has the burden of establishing that there was a reasonable excuse for the delay (see Ocean Gardens Nursing Facility, Inc. v Travelers Cos., Inc., 91 AD3d at 736; Tower Ins. Co. of N.Y. v Alvarado, 84 AD3d 1354, 1355 [2011]). The reasonableness of an insured’s good faith belief in nonliability is a matter ordinarily left for trial (see Argentina v Otsego Mut. Fire Ins. Co., 86 NY2d 748, 750 [1995]; Deso v London & Lancashire Indem. Co. of Am., 3 NY2d 127, 129 [1957]; St. James Mech., Inc. v Royal & Sunalliance, 44 AD3d 1030, 1031 [2007]), and will only be determined as a matter of law where the evidence, when construed in favor of the insured, establishes that the belief was inherently unreasonable or formed in bad faith (see Zimmerman v Peerless Ins. Co., 85 AD3d 1021, 1024 [2011]; Courduff’s Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co., 84 AD3d 717 [2011]; McGovernBarbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d at 983; Ponok Realty Corp. v United Natl. Specialty Ins. Co., 69 AD3d at 597).
Here, Encompass established its prima facie entitlement to judgment as a matter of law by showing that the Rios did not provide it with notice of the infant plaintiff’s accident until three years after the accident had occurred (see Utica First Ins. Co. v Vazquez, 92 AD3d 866, 867 [2012]; Bigman Bros., Inc. v *796 QBE Ins. Corp., 73 AD3d 1110, 1112 [2010]). In opposition, however, the Rios raised a triable issue of fact. In an affidavit, Frank Rio stated that the infant plaintiff took and operated the ATV without the Rios’ knowledge, and contrary to their instructions. He also averred that, after the accident, they were informed that the infant plaintiff was injured while attempting to traverse a “sand pit,” which was not located on their property. Frank Rio further maintained that, after the accident, the infant plaintiff was solely concerned about his own potential liability for property damage to the ATV and for trespassing onto another person’s property, and did not indicate any intent to assert a claim against the Rios.
In addition, the subject policy excluded coverage for any accident involving the ATV while the ATV was not being operated on the Rios’ property. Given that Frank Rio allegedly warned the infant plaintiff not to drive in the sand pit, which was not on the Rios’ property, and that the infant plaintiff informed Frank Rio that the accident had occurred in the sand pit, the Rios’ opposition raised a triable issue of fact as to whether it was reasonable for them to refrain from reporting the occurrence until they received a copy of the summons and complaint, which, for the first time, put them on notice that the plaintiffs alleged that the accident occurred on their property. Accordingly, the Supreme Court properly denied that branch of Encompass’s motion which was for summary judgment dismissing the first cause of action of the third-party complaint, which sought indemnification and coverage based on an alleged breach of contract.
However, the Supreme Court improperly denied that branch of Encompass’s motion which was for summary judgment dismissing the second cause of action of the third-party complaint, which sought coverage and indemnification based on alleged negligence. A claim founded on breach of contract does not give rise to an action in tort unless a legal duty independent of the contract has been violated (see Abacus Fed. Sav. Bank v ADT Sec. Servs., Inc., 18 NY3d 675, 685 [2012]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Weinstein v Natalie Weinstein Design Assoc., Inc., 86 AD3d 641, 643 [2011]). In separating tort claims from contract claims, the courts have “considered the nature of the injury, the manner in which the injury occurred and the resulting harm” (Sommer v Federal Signal Corp., 79 NY2d 540, 552 [1992]). Here, the Rios, in their second cause of action, do not seek damages separate from those arising from Encompass’s alleged breach of its contractual obligations under the insurance policy. Accordingly, *797 the Supreme Court should have granted that branch of Encompass’s motion which was for summary judgment dismissing that cause of action.
Further, the Supreme Court providently exercised its discretion in denying that branch of Encompass’s motion which, in the alternative, sought severance of the third-party action from the main action. The grant or denial of a request for severance is a matter of judicial discretion, which should not be disturbed on appeal absent a showing of prejudice to a substantial right of the party seeking severance (see Bentoria Holdings, Inc. v Travelers Indem. Co., 84 AD3d 1135, 1137 [2011], revd on other grounds 20 NY3d 65 [2012]; Naylor v Knoll Farms of Suffolk County, Inc., 31 AD3d 726, 727 [2006]). Although Encompass established the potential for prejudice since the issue of insurance coverage might be raised in the context of the underlying personal injury action (see Christensen v Weeks, 15 AD3d 330, 331-332 [2005]; Schorr Bros. Dev. Corp. v Continental Ins. Co., 174 AD2d 722 [1991]), that prejudice was outweighed by the possibility of inconsistent verdicts in the event that the actions were tried separately, specifically with respect to the issue of whether the accident occurred on the Rios’ property, an issue common to both actions (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 855, 855 [2009]). Any “prejudice to [Encompass] can be mitigated by the trial court with the appropriate jury instructions” (id. at 856).
Encompass’s remaining contentions are without merit. Florio, J.P., Leventhal, Austin and Cohen, JJ., concur.