Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y. (2018 NY Slip Op 07385)





Lafarge Bldg. Materials Inc. v Harleysville Ins. Co. of N.Y.


2018 NY Slip Op 07385


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526033

[*1]LAFARGE BUILDING MATERIALS INC., Appellant,
v
HARLEYSVILLE INSURANCE COMPANY OF NEW YORK, Respondent.

Calendar Date: September 10, 2018

Before: McCarthy, J.P., Lynch, Devine, Mulvey and Pritzker, JJ.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Mark L. Schuh of counsel), for appellant.
Burke, Scolamiero & Hurd, LLP, Albany (Jessica L. Darrow of counsel), for respondent.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from an order of the Supreme Court (McDonough, J.), entered July 12, 2017 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.
Defendant issued a commercial general liability insurance policy to Adirondack Mechanical Services (hereinafter AMS) effective from January 2005 to January 2006. On July 9, 2005, David O'Dell, a millwright employed by AMS, injured his back while working at plaintiff's cement manufacturing plant in the Village of Ravena, Albany County. At the time of the incident, AMS was performing services at plaintiff's plant pursuant to a purchase order generated by plaintiff. Pursuant to the standard terms and conditions of the purchase order, AMS was required to procure general liability insurance naming plaintiff as an additional insured and to provide plaintiff with a certificate of insurance listing plaintiff as an additional insured.
In March 2008, O'Dell commenced a personal injury action against plaintiff, among others. Plaintiff was served with process on or about April 7, 2008, after which it retained counsel and joined issue. Roughly nine months later, on January 5, 2009, plaintiff tendered to defendant a letter requesting that defendant defend and indemnify it in the underlying action. Defendant disclaimed coverage on the ground that plaintiff failed to provide it notice of the lawsuit "as soon as practicable," as required by defendant's policy. The personal injury action ultimately settled, with plaintiff agreeing to pay O'Dell $1,425,000 and AMS agreeing to pay plaintiff $150,000 in settlement of a third-party action. Plaintiff thereafter commenced the present action to recover monetary damages from defendant caused by its refusal to defend and indemnify plaintiff in the underlying action. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion, [*2]finding that plaintiff unjustifiably delayed in notifying defendant of the underlying lawsuit. This appeal by plaintiff ensued.
Where, as here, "a policy of liability insurance requires that notice of an occurrence [or claim] be given 'as soon as practicable,' such notice must be accorded the carrier within a reasonable period of time. The insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743 [2005] [internal quotation marks and citations omitted]; see Sorbara Constr. Corp. v AIU Ins. Co., 11 NY3d 805, 806 [2008]). Because the subject policy was issued prior to the amendment to Insurance Law § 3420, defendant was not required to show that it was prejudiced by plaintiff's failure to give timely notice in order to successfully disclaim coverage (see Briggs Ave. LLC v Insurance Corp. of Hannover, 11 NY3d 377, 381 [2008]; Kraemer Bldg. Corp. v Scottsdale Ins. Co., 136 AD3d 1205, 1207 [2016], lv denied, 27 NY3d 908 [2016]). Further, "[a]lthough there may be circumstances where the insured's failure to give timely notice is excusable, the insured bears the burden of establishing the reasonableness of the proffered excuse" (Vale v Vermont Mut. Ins. Group, 112 AD3d 1011, 1012 [2010] [internal quotation marks, ellipsis, brackets and citations omitted]; see Great Canal Realty Corp. v Seneca Ins. Co., 5 NY3d at 744; Rockland Exposition, Inc. v Marshall & Sterling Enters., Inc., 138 AD3d 1095, 1097 [2016]).
Here, defendant made a prima facie showing of its entitlement to judgment as a matter of law based upon plaintiff's nearly nine-month delay in notifying defendant of the underlying personal injury action (see Vale v Vermont Mut. Ins. Group, 112 AD3d at 1012; Bauerschmidt & Sons, Inc. v Nova Cas. Co., 69 AD3d 668, 669 [2010]; Gershow Recycling Corp. v Transcontinental Ins. Co., 22 AD3d 460, 461 [2005]). Thus, the burden shifted to plaintiff to raise a question of fact as to the reasonableness of such delay (see Kalthoff v Arrowood Indem. Co., 95 AD3d 1413, 1415 [2012], lv denied 19 NY3d 815 [2012]; Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co., 84 AD3d 717, 718 [2011]). Even construing all inferences in favor of plaintiff (see Vale v Vermont Mut. Ins. Group, 112 AD3d at 1013; Courduff's Oakwood Rd. Gardens & Landscaping Co., Inc. v Merchants Mut. Ins. Co., 84 AD3d at 718), we find that plaintiff failed to do so.
Plaintiff attributes the delay in notifying defendant of the underlying lawsuit to its purported lack of knowledge that it was covered under the applicable insurance policy and its claimed diligent efforts to ascertain coverage. It is undisputed, however, that, upon commencement of the underlying personal injury action, plaintiff possessed contemporaneous knowledge of the date and location of the incident, as well as the fact that it occurred in the course of O'Dell's employment with AMS, one of plaintiff's contractors. Plaintiff's own submissions further establish that, promptly after service of the complaint in the underlying action, it found in its records the April 26, 2005 certificate of liability insurance in AMS's name, which, notably, listed plaintiff as the holder and defendant as the insurance carrier for the project. While the certificate of insurance did not specifically list plaintiff as an additional insured on the policy, the uncontroverted evidence submitted on the motion established that all contractors performing work for plaintiff at the Ravena plant did so pursuant to a purchase order issued by plaintiff, and that all such purchase orders contained standard terms and conditions requiring the contractor to name plaintiff as an additional insured on the contractor's general liability insurance policy before work would be approved. Thus, shortly after being served with the complaint in the underlying action, plaintiff (1) knew that an occurrence had taken place at its facility, (2) was aware that the incident involved an employee of one of its contractors, (3) had located the certificate of liability insurance listing it as the holder thereof and defendant as the insurer for the project, and (4) knew that the language contained in its standard purchase orders required contractors, such as AMS, to name it as an additional insured on their policy of liability insurance.
Despite being possessed of all this information, plaintiff waited nearly nine months before notifying defendant — claiming that it lacked any reason to believe that it was covered under the policy until December 2008, when its attorneys "finally secured" the specific purchase [*3]order that corresponded with the work performed by O'Dell at the time of the incident. However, for the reasons already discussed, we find this argument to be both baseless and wholly unsupported by the record. Indeed, the applicable purchase order inevitably confirmed what plaintiff already knew — that AMS, like all other contractors performing work for plaintiff, was contractually obligated to name plaintiff as an additional insured on its general liability insurance policy. In any event, even were we to accept plaintiff's argument in this regard, plaintiff failed to detail what investigatory efforts were taken to secure the applicable purchase order and why it took more than eight months to locate this document within its own files (see Kleinberg v Nevele Hotel, LLC, 128 AD3d 1126, 1128-1129 [2015], lv denied 26 NY3d 915 [2016]; Whitney M. Young, Jr. Health Ctr. v New York State Dept. of Ins., Liquidation Bur., 152 AD2d 835, 836 [1989]).
In light of the information possessed by plaintiff promptly after service of the complaint in the underlying action, plaintiff "should have realized that there was a reasonable possibility of the subject policy's involvement" (C.C.R Realty of Dutchess v New York Cent. Mut. Fire Ins. Co., 1 AD3d 304, 305 [2003]; see McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d 981, 982 [2010]; Hanson v Turner Constr. Co., 70 AD3d 641, 643 [2010]; 120 Whitehall Realty Assoc., LLC v Hermitage Ins. Co., 40 AD3d 719, 721 [2007]; Rondale Bldg. Corp. v Nationwide Prop. & Cas. Ins. Co., 1 AD3d 584, 585 [2003]; Paramount Ins. Co. v Rosedale Gardens, 293 AD2d 235, 239-240 [2002]; cf. White v City of New York, 81 NY2d 955, 958 [1993]). While we are mindful that "the reasonableness of any delay and the sufficiency of the excuse offered ordinarily present questions of fact to be resolved at trial" (Kalthoff v Arrowood Indem. Co., 95 AD3d at 1415 [internal quotation marks, brackets and citation omitted]), here the proffered excuse for the delay in providing notice was unreasonable as a matter of law (see Kleinberg v Nevele Hotel, LLC, 128 AD3d at 1128-1129; Kalthoff v Arrowood Indem. Co., 95 AD3d at 1414-1415; McGovern-Barbash Assoc., LLC v Everest Natl. Ins. Co., 79 AD3d at 982). Accordingly, Supreme Court properly granted defendant's motion for summary judgment and dismissed the complaint.
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.