■ MICHAEL JAGLOM et al., Respondents, v INSURANCE COMPANY OF GREATER NEW YORK, Appellant. [869 NYS2d 435]—

Plaintiffs seek a judgment declaring that defendant must

defend and indemnify them in an underlying libel action. Defendant moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (7), on the ground that the insureds failed to give it timely notice of the offense and resulting claim against them. In opposition to the motion, plaintiffs submitted an affidavit by plaintiff Jaglom and an affirmation by their counsel explaining that they did not provide notice to defendant until they were served with a summons and complaint, because until then they believed in good faith that they were not liable for defamation (*see Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995]). While we disagree with the motion court's conclusion that *as a matter of law* plaintiffs did not fail to timely notify defendant and therefore did not breach a condition precedent to the insurance contract, we affirm the denial of the dismissal motion because we conclude that questions of fact are presented regarding the existence and the reasonableness of the insured's professed good faith belief that the party that has since commenced the defamation action against them would not seek to hold the insured liable (*id.*). The April 19, 2005 attorney's letter complaining of a retransmission of an allegedly defamatory letter dated July 21, 2004 did not establish as a matter of law an intent to bring an action such as would require notice of the expected claim to the insurer at that time. Concur—Tom, J.P., Saxe and Sweeny, JJ.

Catterson and DeGrasse, JJ., dissent in a memorandum by Catterson, J., as follows: Because I believe that the court erred when it denied the defendant's motion to dismiss the complaint based on the plaintiffs' failure to provide timely notice of a claim or occurrence, I respectfully dissent.

There is no dispute that the plaintiffs waited a significant amount of time before notifying the defendant of the defamation claim. The plaintiffs assert, however, that there existed a reasonable excuse for the delay. In support of their position, the plaintiffs proffered the affirmation of their counsel and the affidavit of Jaglom as explanations for the delay. Both explained that the plaintiffs did not provide notice to the defendant until they were served with a summons and complaint, because until then they believed in good faith that they were not liable for defamation. (*See Argentina v Otsego Mut. Fire Ins. Co.*, 86 NY2d 748, 750 [1995].)

This misapprehends the nature of a good faith belief in nonliabilty. The question is whether the insured learned of an occurrence that may result in the assertion of liability against the insured and had a reasonable "good-faith belief of nonliability." (*Great Canal Realty Corp. v Seneca Ins. Co., Inc.*, 5

NY3d 742, 743 [2005].) I believe that, at best, the plaintiffs merely have demonstrated that they believed that they could successfully defend against the former tenants' libel claim. Following the tenants' attorney's letter of April 19, 2005, there could be little doubt that the tenants intended to assert, inter alia, a claim against the plaintiffs for libel. In my view, failure to promptly notify the defendant of this potential claim requires dismissal of the plaintiff's action against the defendant insurer.