■ SUSAN RANER, Appellant, v SECURITY MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant. [958 NYS2d 342]—

Order and judgment (one paper), Supreme Court, New York County (O. Peter Sherwood, J.), entered June 8, 2011, which, in this action for a declaratory judgment, granted defendant Security Mutual Insurance Company's motion for summary judgment and declared that Security Mutual was not obligated to indemnify its insured in the underlying personal injury action or pay the judgment, unanimously reversed, on the law, without costs, the motion denied, and the declaration vacated.

The policy exclusion relied upon by defendant insurer, which, with respect to coverage for personal liability and medical payments to others, specifically excludes "liability . . . resulting from premises owned, rented or controlled by an insured other

than the insured premises" is ambiguous because the definition of insured premises under the subject policy includes "that part of any premises *occasionally* rented to an insured for other than business purposes" and the policy offers no definition of the term "occasionally." Thus, the term "occasionally rented" is ambiguous and may apply to a summer vacation rental such as the one at issue here—a beach club cabana rented for 20 successive years, albeit under separate yearly membership agreements (*see Villanueva v Preferred Mut. Ins. Co.*, 48 AD3d 1015, 1016-1018 [3d Dept 2008]). Since the defendant insurer failed to establish that its interpretation is the only reasonable interpretation, or in fact the insurer's intended interpretation, the exclusion must be construed against the drafter and in favor of the insurer (*see Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172 [1973]).

Despite the fact that the exclusion may be construed against the insurer, the issue of notice is not academic, since it is a condition precedent to coverage (*see George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA*, 92 AD3d 104, 112 [1st Dept 2012]). Issues of fact exist as to whether the insured's notice was timely, since a jury could find that the defendant insured reasonably relied on the plaintiff's promise not to sue in delaying her notification to the insurer (*see Jaglom v Insurance Co. of Greater N.Y.*, 57 AD3d 310, 311 [1st Dept 2008], *affd* 13 NY3d 768 [2009]).

Defendant insurer satisfied its duty to disclaim specifically (*see Hotel des Artistes, Inc. v General Acc. Ins. Co. of Am.*, 9 AD3d 181, 193 [1st Dept 2004], *lv dismissed* 4 NY3d 739 [2004]), by asserting the applicable policy sections on which it relied. However, issues of fact exist as to whether the disclaimer letter, issued 65 days after defendant insurer's receipt of its insured's notice to her broker, was timely. The documentation does not clearly establish when defendant insured became aware of the severity of plaintiff's injuries. Thus, the reason for disclaimer based on late notice is not readily apparent from the face of the correspondence (*cf. George Campbell Painting*, 92 AD3d at 106). Although plaintiff suggests that a cursory investigation such as a telephone call could have obtained the necessary information (*see Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404, 409 [1st Dept 2010]), the report prepared by defendant insurer's investigator states that he had difficulty reaching defendant insured by telephone. Concur—Saxe, J.P., Renwick, Freedman, Román and Gische, JJ.